UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRANDON C. MCINTYRE,

    Plaintiff,

v.

UNITED STATES MARSHAL SERVICE et al.,

    Defendants.

Civ. No. 18-1268 (KM) (MAH)

**MEMORANDUM AND ORDER**

## KEVIN MCNULTY, U.S.D.J.

Plaintiff, Brandon C. McIntyre, is a federal prisoner who seeks to proceed pro se with a civil rights complaint. A complaint must include either a $400.00 fee (a $350.00 filing fee plus a $50.00 administrative fee) or a proper application to proceed *in forma pauperis*. 28 U.S.C. §§ 1914(a), 1915(a). If a prisoner plaintiff is proceeding *in forma pauperis*, the $350.00 filing fee is still assessed, but may be paid in installments. 28 U.S.C. § 1915(b).

Mr. McIntyre's complaint included an application to proceed *in forma pauperis*, which I denied as improper. (ECF No. 2.) A prisoner asserting civil rights claims who seeks to proceed *in forma pauperis* must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See id.* § 1915(a)(2). Although Mr. McIntyre's original application included six months of account statements, they were not certified, and he failed to include his own required affidavit.

Mr. McIntyre has now submitted a new application to proceed *in forma pauperis*, which includes his own affidavit concerning his income and assets. (ECF No. 3.) Nevertheless, he has not obtained certification of his account statements by a proper institutional officer, as required

by § 1915(a)(2). (*See id.*) Accordingly, his renewed application to proceed *in forma pauperis* must again be denied.

Before Mr. McIntyre files a third application to proceed in this action *in forma pauperis*, the Court cautions him that, even if he is successfully able to obtain *in forma pauperis* status, he may find that this proceeding would be, from his perspective, futile. Mr. McIntyre's complaint is, in his own words, "[f]irst and foremost . . . an application to appear from all unwarranted restraints" in his criminal proceeding that was then still before this Court. (*See* ECF No. 1, Attach. A.) Relying almost entirely on a recent decision by the Court of Appeals for the Ninth Circuit, Mr. McIntyre argues that it has been error to permit the United States Marshals Service to keep him in shackles for his court appearances. (*See id.*)

Of course, this Court is not bound by the decisions of the Court of Appeals for the Ninth Circuit, though I may take account of them to the extent I consider them persuasive. Furthermore, insofar as Mr. McIntyre is seeking to correct perceived violations of his Due Process rights in the ongoing criminal proceeding, such arguments are better raised in that proceeding or in any direct appeal from that judgment.[1] As a successful attack on the process Mr. McIntyre received at trial would seem to necessarily impugn his conviction, it certainly appears that his claims, to the extent they allege Due Process violations, would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). I remind Mr. McIntyre that, even if he is granted *in forma pauperis* status, he must still pay the $350 filing fee in installments, and his case could still be dismissed upon a preliminary screening. *See* 28 U.S.C. § 1915(b), (e)(2).

Without conducting any assessment of their potential merit, I further note, however, that Mr. McIntyre also asserts claims that would seemingly not be barred by *Heck*, namely claims

---

[1] I note that a jury found Mr. McIntyre guilty of all charges on February 28, 2018. *United States v. McIntyre*, Crim. No. 16-13 (KM), ECF No. 117. He filed, by counsel, a motion to set aside the verdict on April 2, 2018. Crim. No. 16-13 (KM), ECF No. 127.

2

seeking monetary damages for the physical and emotional harm allegedly caused by requiring him to wear shackles. (*See* ECF No. 1, Attach. B.) To the extent that Mr. McIntyre seeks to pursue these claims, it may well be worth it to him to submit a proper application for *in forma pauperis* and to proceed with this case.

Accordingly, IT IS this 2d day of May 2018

ORDERED that Mr. McIntyre's second application to proceed *in forma pauperis*, (ECF No. 3), is denied without prejudice; and it is further

ORDERED that plaintiff may have this case reopened if, within thirty (30) days of the date of entry of this Memorandum and Order, plaintiff either pre-pays the $400.00 fee or submits to the Clerk a complete, signed application to proceed *in forma pauperis*, including an affidavit and certified account statements, in compliance with 28 U.S.C. § 1915(a); and it is further

ORDERED that upon receipt of a writing from plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or filing fee within the time allotted by this Memorandum and Order, the Clerk will be directed to reopen this case; and it is further

ORDERED that the Clerk shall serve on plaintiff by regular U.S. mail (1) this order and (2) a blank form application to proceed *in forma pauperis* by a prisoner in a civil rights case, form DNJ-ProSe-007-A-(Rev.05/2013).

KEVIN MCNULTY
United States District Judge